# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-636V
Filed: September 28, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \*       UNPUBLISHED

DOUGLAS RETTMAN,    \*

     \*      Special Master Gowen

     Petitioner,    \*

     \*      Attorneys' Fees and Costs

v.    \*

     \*

SECRETARY OF HEALTH    \*

AND HUMAN SERVICES,    \*

     \*

     Respondent.    \*

     \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.
Lara Ann Englund, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 21, 2014, Douglas Rettman ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he developed encephalopathy as a result of receiving an influenza ("flu") vaccine on November 13, 2012, and that he suffered the residual effects of this injury for more than six months. Petition at ¶ 11. On August 30, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation, and a Decision awarding compensation pursuant to the terms of the stipulation was issued the same day.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 7, 2016, petitioner filed an application for attorneys' fees and costs, requesting $39,930.00 in attorneys' fees, $19,805.86 in attorneys' costs, and $16.01 in petitioner's costs, for a total fees and costs request of $59,751.87.  Petitioner's ("Pet.") Application ("App.") at 1-3.  Respondent filed a response to petitioner's application on September 9, 2016, stating:

> Based on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $26,000.00 to $39,000.00 . . . .  Respondent therefore respectfully recommends that the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs within that range.

Resp's Resp. at 3 (internal footnote omitted)(citing Smith v. Sec'y of Health & Human Servs., No. 10-486, 2012 WL 357284 (Fed. Cl. Spec. Mstr. Jul. 24, 2012); Mullins v. Sec'y of Health & Human Servs., No. 12-069, 2014 WL 6735190 (Fed. Cl. Spec. Mstr. Nov. 13, 2014)).  Petitioner did not file a reply.  This matter is now ripe for adjudication.

For the reasons set forth below, the undersigned awards petitioner a total of $58,220.97 in attorneys' fees and costs.

## I.  Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(3)(1).  In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the

special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

###    i.    Hourly Rates

Petitioner requests the following hourly rates for the attorneys who worked on this matter:

Clifford Shoemaker:[3]
     2014—$400
     2015—$415
     2016—$430

JCC:
     2016—$55

Renee Gentry:[4]
     2015—$400
     2016—$415

Sabrina Knickelbein:[5]
     2015—$350
     2016—$363

The requested rates are consistent with the rates the undersigned recently awarded to Mr. Shoemaker and associates in Boylston v. Secretary of Health & Human Servs., No. 11-117V, 2016 WL 3080574 (Fed. Cl. Spec. Mstr. May 10, 2016).  As explained in Boylston, the rates are also consistent with the hourly forum rates the undersigned found appropriate in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Accordingly, the undersigned finds the requested rates reasonable.

###    ii.    Hours Expended

Petitioner requests compensation for 50.30 hours of work performed by Mr. Shoemaker, 1.00 hour of work performed by JCC, 32.26 hours of work performed by Ms. Gentry, and 16.45 hours of work performed by Ms. Knickelbein.  See generally, Pet. App. 8-22.  On review of the

---

[3] Mr. Shoemaker appears as "CJS" in the billing record.  See Pet. App. at 8-15.  (Petitioner's application is not separated into individual exhibits.  All page citations are to the CM/ECF-generated pdf pagination).

[4] Ms. Gentry appears as "RJG" in the billing record.  See Pet. App. at 15-18.

[5] Ms. Knickelbein appears as "SKK" in the billing record.  See Pet. App. at 18-22.

billing record, the undersigned finds the majority of the hours expended reasonable. However, Mr. Shoemaker billed numerous six-minute increments for time spent to "[r]eview pleading[s]," entries which correspond with simple orders and notifications on the CM/ECF docket. See id. at 8-15. These billing entries total 1.50 hours in 2015 and 1.00 hour in 2016. Similarly, Ms. Knickelbein billed a number of six-minute increments for reviewing non-PDF orders and other simple CM/ECF filings, for a total of 1.10 hours in 2015 and 1.10 hours in 2016. See id. at 19-22. Review of these simple filings did not warrant a full six minutes of time, and the undersigned will reduce the time billed by half. Accordingly, Mr. Shoemaker's time billed will be reduced by .75 hours for 2015 and .50 hours for 2016, and Ms. Knickelbein's time billed will be reduced by .55 hours for 2015 and .55 hours for 2016.

In addition, Ms. Gentry's billing record for 2016 contains a total of 1.00 hour that spent preparing and filing exhibits. Pet. App. at 16-17 (e.g. "prepared nfd EXH22-23"). Preparing and filing exhibits is a paralegal task. See Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. Doe/11 v. Sec'y of Health & Human Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 288 (1989)). "It is the nature of the work, not the title or education of the person performing it, that determines whether it is legal, paralegal, or secretarial/clerical in nature." Id. Pursuant to McCulloch, an appropriate forum paralegal rate is $135 per hour. 2015 WL 5634323, at *21. Accordingly, 1.00 hour of Ms. Gentry's time billed in 2016 will be compensated at a rate of $135 per hour.

### b. Costs

Petitioner requests a total of $19,805.86 in costs. Pet. App. at 23. The requested costs consist primarily of medical record fees, photocopying, postage, and printing charges, and the cost of obtaining an expert report. Id. The undersigned finds these requested costs reasonable.

In addition, the requested costs include $8,124.37 in attorneys' fees and costs incurred by the Disparti Law Group, PA. Lawrence Disparti was petitioner's original counsel in this case and worked on the case from April 18, 2013, to January 8, 2015. Pet. App. at 23. Mr. Shoemaker began working on the case in December 2014, and was substituted as counsel on January 8, 2015. Mr. Disparti billed his work at a rate of $250 per hour and billed his paralegal at a rate of $80 per hour. Id. at 36. The Disparti Law Group is located in Holiday, Florida. Id. Mr. Disparti has been practicing law for at least thirteen years[6] and a search of the court's case management system shows that he has had approximately nine cases in the Program. The undersigned finds the rates requested by the Disparti Law Group reasonable. On review of the Disparti Law Group's billing record, the undersigned finds the majority of hours expended reasonable, but will apply the same reductions as applied to Shoemaker, Gentry & Knickelbein,

---

[6] Petitioner did not submit information regarding Mr. Disparti's experience, but a search of the Florida bar member directory shows that Mr. Disparti was admitted to the Florida bar in 2003. See Find a Lawyer, https://www.floridabar.org/wps/portal/flbar/home/directories.

above.  Mr. Disparti billed several six-minute increments for reviewing simple CM/ECF filings, for a total of 1.30 hours.  Id. at 39-40.  Accordingly, Mr. Disparti's time will be reduced by .65 hours.  Mr. Disparti also billed 1.00 hour for preparing and filing exhibits.  Id.  Accordingly, 1.00 hours of Mr. Disparti's time will be compensated at the Disparti Law Group's paralegal rate of $80 per hour.

## II.   Conclusion

The undersigned finds a total attorneys' fees and costs award of $58,220.97 reasonable. Respondent makes a general suggestion that "[b]ased on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims. . . a reasonable amount for fees and costs in the present case would fall between $26,000.00 to $39,000.00."  Resp's Resp. at 3.  In support of the suggested range, respondent cites Smith and Mullins, "similarly-postured" cases in which the special masters awarded $33,357.27 and $38,500.00, respectively.  Id. (citing Smith, 2012 WL 357284, Mullins, 2014 WL 6735190).  The undersigned is impressed, however, that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to general similarities of procedural history or other general categories of cases.  The time records of counsel provide the best evidence of hours expended. As respondent states, special masters are accorded "wide discretion in determining the reasonableness of a petitioner's request for reasonable attorneys' fees and costs," and "may rely on their prior experience in making reasonable fee determinations."  Id. at 2 (internal quotations and citations omitted).  Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total of $58,220.97 reasonable.

The undersigned awards attorneys' fees and costs as follows:

**(1) A lump sum of $58,204.96 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Clifford J. Shoemaker, of Shoemaker, Gentry & Knickelbein, for attorneys' fees and costs.**

**(2) A lump sum of $16.01 in the form of a check payable to petitioner, for petitioner's costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[7]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.